The opinion of the Court was delivered by
Bermudez, C. J.
The plaintiff claims $25,000 damages, for his unwarranted and malicious arrest by the defendant. The defense is, special legal authority for the act and good, valid cause. The case was tried by a jury who returned a verdict in favor of plaintiff for $0.01. From a judgment in conformity with the verdict, the defendant lias appealed. The plaintiff has asked for no amendment.
It is not disputed that the plaintiff did sell lottery tickets, in violation of Act 9 of 1874, in the month of May, 1878 j but it is charged that the Statute is unconstitutional, and so never existed, for the double reason, that it deprived of the trial by jury and granted to City Recorders prohibited powers. In support, reference is made to Articles 6 and 94 of the Constitution of 1868, in force at its adoption. It is further charged that the Act had been judicially declared by a competent court thus to be unconstitutional, previous to the arrest complained of, and this, to the knowledge of the Company.
The record indeed shows, that on an application for a habeas corpus. the Act being considered as violative of the organic law, the prisoner Was released from custody.
*505 The correctness of the ruling in that case cannot be inquired into by tliis Court, as it is not before it for revision.
It appears, however, that the same Act, No. 9 of 1874, was assailed on identical grounds, in the case of the State ex rel. Geale vs. Recorder, 30 A. 454, in which onr immediate predecessors, considering further Act 10 of the same session, and after elaborate research and mature deliberation, supported by authority cited, expressed the opinion that the Act was not unconstitutional.
It does not appear, nevertheless, that the charge of the repeal of the Acts of 1855, No. 120, and of I860, No. 21, was presented or determined in that case, sed quid hide t
We do not propose to decide whether the views tints announced by the late Court, declaring the Act to bo constitutional, were or not effectually overruled and nullified by the' ruling of the District Judge, on the application for a habeas corpus, but it is manifest that, for adhering in preference to the finding of the highest tribunal of the State, and for enforcing under it, its reputed rights, the defendant Company cannot be held responsible for damages. The opinion and decree in that case -surely can be more successfully invoked for protection, than the advice of counsel, however learned in the law, could have been.
If it be true, as contended, that the Act of 1874 repealed those of 1855 and 1806, it is only because it was a valid Statute. If then such, it was certainly valid authority for the arrest, and shields defendant from all responsibility.
As the case was tried by a jury under a charge from his Honor, the Judge who granted the habeas corpus, and who instructed them that the Act was unconstitutional, the error committed by them in returning their verdict, is easily accounted for ; but the defendant is entitled to relief.
For these reasons:
It is ordered and decreed, that the verdict of the jury herein be sel aside, and the judgment thereon be annulled and reversed, and that judgment he now rendered in favor of the defendant, with costs in both Courts.
Levy, J., absent.